UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JOON JUN,

          Petitioner,

v.

DEWAYNE HENDRIX,

          Respondent.
_____

Case No. 3:22-cv-001297-AA

OPINION AND ORDER

AIKEN, District Judge.

    Petitioner files this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and seeks an order requiring the Bureau of Prisons (BOP) to find him eligible for home confinement under the Coronavirus Aid, Relief, and Economic Security Act (CARES Act). This Court cannot provide the habeas relief petitioner seeks, and this action is dismissed.

## DISCUSSION

    A district court must summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

1 -    OPINION AND ORDER

Rule 4, Rules Governing Section 2254 Cases; *Mayle v. Felix*, 545 U.S. 644, 656 (2005). This rule also applies to habeas petitions brought under 28 U.S.C. § 2241.

Petitioner is currently in the custody of BOP and housed at the Federal Correction Institution in Sheridan, Oregon. Petitioner alleges that, although he meets the criteria for home confinement under the CARES Act, BOP will not consider his eligibility or place him in home confinement until December 2022, contrary to the requirements of the CARES Act and BOP's internal policy memorandum. Petitioner asks that the Court order BOP to hasten their review of his eligibility and place him in home confinement. This Court lacks the authority to do so.

BOP is vested with the sole authority to designate the location of an inmate's imprisonment. *See* 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment."); *United States v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011) ("The Bureau of Prisons has the statutory authority to choose the locations where prisoners serve their sentence."). While the BOP may exercise this authority "to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months," 18 U.S.C. § 3624(c)(2), district courts generally lack jurisdiction to review placement designations made by BOP, including designations to home confinement. *See id.* § 3621(b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under [§ 3621(b)] is not reviewable by any court."); *Ahmad v. Jacquez*, 860 Fed. App'x 459, 461 (9th Cir. July 1, 2021) (stating that "Congress stripped federal courts of jurisdiction to review the BOP's individual designations of an inmate's place of imprisonment").

Under the CARES Act, BOP is granted further discretion to "lengthen the maximum amount of time for which the [BOP] is authorized to place a prisoner in home confinement ... as the [BOP] determines appropriate." Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 516 (March

27, 2020). However, the Act does not mandate consideration for home confinement and the decision to transfer an inmate to home confinement remains within the discretion of the BOP and not within the purview of this Court. *See United States v. Oscar*, Case No. 6:19-cr-00021-AA, 2021 WL 864948 at *3 (D. Or. Mar. 8, 2021) ("The decision whether to exercise this authority in a particular case and release a [prisoner] to home confinement lies entirely with BOP; the court lacks the power to order that a prisoner be released to home confinement, even under the CARES Act."). Thus, this Court cannot order petitioner's placement in home confinement.

Petitioner also claims that BOP is violating its own internal policy memorandum by failing to promptly consider his eligibility for home confinement. However, noncompliance with internal agency policy is not a violation of federal law and cannot sustain a viable claim for habeas relief under § 2241. *See, e.g., Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011) ("A habeas claim cannot be sustained based solely upon the BOP's purported violation of its own program statement because noncompliance with a BOP program statement is not a violation of federal law."). Moreover, petitioner does not allege that BOP refuses to consider his eligibility but rather is not determining his eligibility as quickly as petitioner would like. This is not a viable claim for habeas relief.

## CONCLUSION

Petitioner fails to allege a cognizable basis for habeas relief, and the Petition (ECF No. 1) is DISMISSED.

IT IS SO ORDERED.

DATED this  29th   day of September, 2022.

                                                                                /s/Ann Aiken
                                                                                Ann Aiken
                                        United States District Judge

3 -     OPINION AND ORDER